11-3659-cv
Louis v. Brooklyn Botanic Gardens

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT: RALPH K. WINTER,
CHESTER J. STRAUB,
DENNY CHIN,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

MAURICE LOUIS,
Plaintiff-Appellant,

-v.-                                              11-3659-cv

BROOKLYN BOTANIC GARDENS,
Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        MAURICE LOUIS, pro se, Roosevelt, New York.

FOR DEFENDANT-APPELLEE:         GEORGE F. BRENLLA, Clifton Budd & DeMaria, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Maurice Louis, pro se, appeals from the district court's judgment entered on September 2, 2011, pursuant to its memorandum and order dated September 1, 2011, granting summary judgment to defendant-appellee Brooklyn Botanic Gardens ("BBG"). Louis's complaint of November 18, 2010, alleged claims against BBG, Louis's former employer, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, the complaint alleged claims of, inter alia, discrimination based on Louis's race and national origin, retaliatory termination, and hostile work environment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Upon de novo review of the district court's grant of summary judgment, resolving all ambiguities and drawing all inferences in Louis's favor, we conclude that the district court correctly held that no genuine issues of material fact existed for trial and that BBG was entitled to judgment as a matter of law. See Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011).

Even assuming Louis had established a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), BBG offered a legitimate non-discriminatory reason for terminating Louis -- its deteriorating financial condition had resulted in layoffs and the elimination of seventeen positions -- and Louis, as the district court found, did not present sufficient evidence from which a reasonable jury could find that this reason was pretextual. See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009). In addition, with respect to his

-2-

claim of retaliatory termination, Louis failed to show that an issue of fact existed as to the alleged causal connection between the filing of his grievance with the Equal Employment Opportunity Commission and his dismissal because the record plainly showed that BBG decided to terminate Louis's position more than two weeks before he filed his grievance.  See Terry v. Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003); see also 42 U.S.C. § 2000e-3(a). Finally, as to Louis's hostile work environment claim, Louis failed to present evidence from which a jury could find that his "workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult' . . . 'sufficiently severe or pervasive to alter the conditions of [his] employment.'"  See Redd v. N.Y. Div. of Parole, 678 F.3d 166, 175 (2d Cir. 2012) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

We have considered Louis's remaining arguments and find them to be without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK